1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9  KATHI SYLVESTER, an individual, on her own
10 behalf and on behalf of all others similarly situated,

11        Plaintiff,

12    v.

13 TARGET CORPORATION, a Minnesota
14 Corporation,

15        Defendant.

NO.

**CLASS ACTION COMPLAINT FOR:**

1.  **Violation of the Washington Consumer Protection Act; and**
2.  **Negligence**

<u>JURY TRIAL DEMAND</u>

16

17        Plaintiff Kathi Sylvester ("Plaintiff") brings this class action against Defendant Target

18 Corporation ("Target"), a Minnesota corporation (collectively, "Defendant") on behalf of

19 herself and all others similarly situated to obtain damages, restitution and injunctive relief for

20 the Class, as defined, below, from Defendant.  Plaintiff makes the following allegations upon

21 information and belief, except as to her own actions, the investigation of her counsel, and the

22 facts that are a matter of public record:

23                          **I.  PARTIES**

24        1.        Plaintiff is an individual who resides in this Judicial District.

25        2.        Defendant Target Corporation is a Minnesota corporation headquartered in

26 Minneapolis, Minnesota.

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

**II.  JURISDICTION AND VENUE**

3.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Target's state of citizenship, which is Minnesota.

4.     This Court has personal jurisdiction over Target because Target is authorized to do business in the State of California, and operates stores within this Judicial District.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Target resides in this District, many of the acts and transactions giving rise to this action occurred in this District and because Target is subject to personal jurisdiction in this District.

**III.  GENERAL ALLEGATIONS**

6.     Target is the second-largest discount retailer in the United States and, as of 2013, is ranked 36th on the Fortune 500 list of top US companies, by revenue.  Millions of Americans regularly shop at Target stores.

7.     Plaintiff is a regular shopper at Target stores, and used her debit card at a Target Store in Seattle, Washington on December 6, 2013.

8.     The data breach affected approximately 40 million credit and debit cards swiped in U.S. Target stores between November 27 and December 15, 2013.

9.     News of the data breach was first published by a blogger (Brian Krebs of http://krebsonsecurity.com/) on or about December 18, 2013, before Target made any attempt whatsoever to notify affected customers.

10.    As widely reported by multiple news services on December 19, 2013: "Investigators believe the data was obtained via software installed on machines that customers use to swipe magnetic strips on their cards when paying for merchandise at Target stores." http://www.cbsnews.com/news/target-confirms-massive-credit-debit-card-data-breach/ (last visited December 19, 2013).

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1      11.      "The type of data stolen — also known as 'track data' — allows crooks to create

2  counterfeit cards by encoding the information onto any card with a magnetic stripe."

3  http://krebsonsecurity.com/ (last visited December 19, 2013).

4      12.      The thieves may also have accessed PIN numbers for affected customers' debit

5  cards, allowing the thieves to withdraw money from those customers' bank accounts.  *Id.*

6      13.      Thieves could not have accessed this information and installed the software on

7  Target's point-of-sale machines but for Defendant's negligence.

8      14.      Target failed to implement and maintain reasonable security procedures and

9  practices appropriate to the nature and scope of the information compromised in the data

10  breach.

11      15.      As this news broke, Target finally released a statement concerning the data

12  breach, but not one designed to notify affected customers directly.  Rather, Target posted a

13  statement on its corporate website (not on the shopping site regularly accessed by customers)

14  on December 19, 2013, confirming "that the information involved in this incident included

15  customer name, credit or debit card number, and the card's expiration date and CVV (the three-

16  digit security code)."  https://corporate.target.com/discover/article/Important-Notice-

17  Unauthorized-access-to-payment-ca (last visited December 19, 2013).

18      16.      In its December 19 statement concerning the data breach, Target also claimed to

19  "have identified and resolved the issue," conveying a false sense of security to affected

20  customers.  *Id.*

21      17.      On information and belief, Plaintiff's identifying and financial information was

22  disclosed in the data breach.

23                    **IV.  CONSEQUENCES OF DEFENDANT'S CONDUCT**

24      18.      The ramifications of Target's failure to keep class members' data secure are

25  severe.

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

19.     The information Target lost, including Plaintiff's identifying information and other financial information, is extremely valuable to thieves.  As the Federal Trade Commission ("FTC") recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."  FTC, Signs of Identity Theft, available at: http://www.consumer.ftc.gov/articles/0271-signs-identity-theft (last visited December 20, 2013).  Identity theft occurs when someone uses another's personal identifying information, such as that person's name, address, credit card number, credit card expiration dates, and other information, without permission, to commit fraud or other crimes.

20.     The FTC recommends acting fast to address identity theft because it recognizes that taking action quickly "can stop an identity thief from doing more damages."   FTC, Immediate Steps to Repair Identity Theft, available at: http://www.consumer.ftc.gov/articles/0274-immediate-steps-repair-identity-theft (last visited December 20, 2013).  The FTC urges prompt action, stating "If you suspect that someone is misusing your personal information, acting quickly is the best way to limit the damage."  FTC, Signs of Identity Theft, available at: http://www.consumer.ftc.gov/articles/0271-signs-identity-theft (last visited December 20, 2013).  Additionally, the FTC recognizes that recovering from identity theft is a time-consuming task and involves work for the consumer.  *Id.*

21.     Identity thieves can use personal information such as that pertaining to the Class, which Defendant failed to keep secure to perpetrate a variety of crimes that do not cause financial loss, but nonetheless harm the victims.  For instance, identity thieves may commit various types of government fraud such as: immigration fraud; obtaining a driver's license or identification card in the victim's name but with another's picture; using the victim's information to obtain government benefits; or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

CLASS ACTION COMPLAINT - 4

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

22.     In addition, identity thieves may get medical services using the Plaintiff's lost information or commit any number of other frauds, such as obtaining a job, procuring housing, or even giving false information to police during an arrest.

23.     Annual monetary losses from identity theft are in the billions of dollars. According to a Presidential Report on identity theft produced in 2008:

> In addition to the losses that result when identity thieves fraudulently open accounts or misuse existing accounts, . . . individual victims often suffer indirect financial costs, including the costs incurred in both civil litigation initiated by creditors and in overcoming the many obstacles they face in obtaining or retaining credit.  Victims of non-financial identity theft, for example, health-related or criminal record fraud, face other types of harm and frustration.
>
> In addition to out-of-pocket expenses that can reach thousands of dollars for the victims of new account identity theft, and the emotional toll identity theft can take, some victims have to spend what can be a considerable amount of time to repair the damage caused by the identity thieves. Victims of new account identity theft, for example, must correct fraudulent information in their credit reports and monitor their reports for future inaccuracies, close existing bank accounts and open new ones, and dispute charges with individual creditors.

The President's Identity Theft Task Force Report at p.21 (Oct. 21, 2008), available at http://www.idtheft.gov/reports/StrategicPlan.pdf.

24.     According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

GAO, Report to Congressional Requesters, at p.33 (June 2007), available at

http://www.gao.gov/new.items/d07737.pdf.

25.     Plaintiff and the Class she seeks to represent now face years of constant

surveillance of their financial and personal records, monitoring, and loss of rights.

### V.  CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action on her own behalf, and on behalf of all other persons

similarly situated ("the Class").  The Class that Plaintiff seeks to represent is:

> All persons who used credit or debit cards at Target Corporation
> stores in Washington and whose personal and/or financial
> information was breached during the period from on or about
> November 27 to on or about December 15, 2013.  Excluded from
> the Class are Defendant; officers, directors, and employees of
> Defendant; any entity in which Defendant have a controlling
> interest; the affiliates, legal representatives, attorneys, heirs, and
> assigns of the Defendant.

27.     The members of the Class are so numerous that the joinder of all members is

impractical.  While the exact number of Class members is unknown to Plaintiff at this time,

based on information and belief, it is in the millions.

28.     There is a well-defined community of interest among the members of the Class

because common questions of law and fact predominate, Plaintiff's claims are typical of the

members of the Class, and Plaintiff can fairly and adequately represent the interests of the

Class.

29.     This action satisfies the requirements of Federal Rule of Civil Procedure

23(b)(3) because it involves questions of law and fact common to the member of the Class that

predominate or any questions affecting only individual members, including, but not limited to:

> a.     Whether Defendant unlawfully used, maintained, lost or disclosed Class

members' personal and/or financial information;

> b.     Whether Target unreasonably delayed in notifying affected customers of

the data breach;

CLASS ACTION COMPLAINT - 6

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1

c.      Whether Defendant failed to implement and maintain reasonable security

2

procedures and practices appropriate to the nature and scope of the information compromised

3

in the data breach;

4

d.      Whether Target's conduct as alleged herein violates RCW 19.86 et seq.;

5

e.      Whether Defendant's conduct was negligent; and

6

7

f.      Whether Plaintiff and the Class are entitled to damages, civil penalties,

and/or injunctive relief.

8

9

30.     Plaintiff's claims are typical of those of other Class members because Plaintiff's

10

information, like that of every other class member, was misused and/or disclosed by Defendant.

11

31.     Plaintiff will fairly and accurately represent the interests of the Class.

12

32.     The prosecution of separate actions by individual members of the Class would

13

create a risk of inconsistent or varying adjudications with respect to individual members of the

14

Class, which would establish incompatible standards of conduct for Defendant and would lead

15

to repetitive adjudication of common questions of law and fact.  Accordingly, class treatment is

16

superior to any other method for adjudicating the controversy.  Plaintiff knows of no difficulty

17

that will be encountered in the management of this litigation that would preclude its

18

maintenance as a class action under Rule 23(b)(3).

19

33.     Damages for any individual class member are likely insufficient to justify the

20

cost of individual litigation, so that in the absence of class treatment, Defendant's violations of

21

law inflicting substantial damages in the aggregate would go un-remedied without certification

22

of the Class.

23

34.     Defendant have acted or refused to act on grounds that apply generally to the

24

class, as alleged above, and certification is proper under Rule 23(b)(2).

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## VI.  FIRST CLAIM FOR RELIEF

**Violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.*
(Non-Per Se Unfair Business Practices)**

35.     Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

36.     Target is a "person" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1), and conducts "trade" and "commerce" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2).

37.     Plaintiff and other Class members are "persons" within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(1).

38.     Target's failure to safeguard Plaintiff's and Class members' private and financial data constitutes an unfair act because these acts or practices offend public policy as it has been established by statutes, regulations, the common law or otherwise, including, but not limited to, the public policy established by RCW 19.255.010 *et seq.*

39.     Target's failure to safeguard Plaintiff's and Class members' private and financial data is unfair because this act or practice (1) causes substantial injury to Plaintiff and Class members; (2) is not outweighed by any countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by consumers.

40.     Target's failure to safeguard Plaintiff's and Class members' private and financial data is unfair because this act or practice is immoral, unethical, oppressive and/or unscrupulous.

41.     Target's failure to promptly notify Plaintiff and class members of the loss of their data is unfair because these acts or practices offend public policy as it has been established

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

by statutes, regulations, the common law or otherwise, including, but not limited to, the public policy established by RCW 19.255.010 *et seq.*

42.   Target's failure to promptly notify Plaintiff and Class members of the loss of their data is unfair because this act or practice (1) causes substantial injury to Plaintiff and Class members; (2) is not outweighed by any countervailing benefits to consumers or competitors; and (3) is not reasonably avoidable by consumers.

43.   Target's failure to promptly notify Plaintiff and Class members of the loss of their data is unfair because this act or practice is immoral, unethical, oppressive and/or unscrupulous.

44.   Target's unfair acts or practices have occurred in its trade or business and were and are capable of injuring a substantial portion of the public.  As such, Target's general course of conduct as alleged herein is injurious to the public interest, and the acts complained of herein are ongoing and/or have a substantial likelihood of being repeated.

45.   As a direct and proximate result of Target's unfair acts or practices, Plaintiff and Class members suffered injury in fact.

46.   Plaintiff and the Class are therefore entitled to an order enjoining the conduct complained of herein and ordering Target to take remedial measures to prevent similar data breaches from occurring in the future; actual damages; treble damages pursuant to RCW 19.86.090; costs of suit, including a reasonable attorney's fee; and such further relief as the Court may deem proper.

## VII.  SECOND CLAIM FOR RELIEF
### Negligence

47.   Plaintiff incorporates the substantive allegations contained in all previous paragraphs as if fully set forth herein.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

48.     Defendant came into possession of Plaintiff's private and financial information and had a duty to exercise reasonable care in safeguarding and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

49.     Defendant had a duty to timely disclose that Plaintiff's private and financial information within its possession had been compromised.

50.     Defendant had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's private and financial information.

51.     Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff by failing to exercise reasonable care in protecting and safeguarding Plaintiff's private and financial information within Defendant's possession.

52.     Defendant, through its actions and/or omissions, unlawfully breached its duty to Plaintiff by failing to exercise reasonable care by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's private and financial information.

53.     Defendant, through its actions and/or omissions, unlawfully breached its duty to timely disclose to the Plaintiff and the Class members the fact that their private and financial information within its possession had been compromised.

54.     Defendant's negligent and wrongful breach of its duties owed to Plaintiff and the Class proximately caused Plaintiff's and Class members' private and financial information to be compromised.

55.     Plaintiff seeks the award of actual damages on behalf of the Class.

## VIII.  PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

A.      For an Order certifying this action as a class action and appointing Plaintiff and their Counsel to represent the Class;

B.      For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class

CLASS ACTION COMPLAINT - 10

1   members' private and financial information, and from refusing to issue prompt, complete and

2   accurate disclosures to Plaintiff and Class members;

3          C.      For an award of actual damages, compensatory damages, statutory damages, and

4   statutory penalties, in an amount to be determined;

5          D.      For an award of costs of suit and attorneys' fees, as allowable by law; and

6          E.      Such other and further relief as this court may deem just and proper.

7                                    **IX.  DEMAND FOR JURY TRIAL**

8          Plaintiff hereby demands a jury trial of their claims to the extent authorized by law.

9          RESPECTFULLY SUBMITTED AND DATED this 20th day of December, 2013.

10                                              TERRELL MARSHALL DAUDT & WILLIE PLLC

11

12                                         By: /s/ Beth E. Terrell, WSBA #26759
                                               Beth E. Terrell, WSBA #26759
13                                             Email:  bterrell@tmdwlaw.com
                                               936 North 34th Street, Suite 300
14                                             Seattle, Washington  98103-8869
                                               Telephone: (206) 816-6603
15                                             Facsimile: (206) 350-3528

16
                                               *Attorneys for Plaintiff*
17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com